## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CUMMINS INC. and CUMMINS TURBO TECHNOLOGIES LIMITED,<br><br>Plaintiffs,<br><br>- *against* -<br><br>UNITED STATES OF AMERICA and U.S. CUSTOMS AND BORDER PROTECTION,<br><br>Defendants. | Court No.: 21-cv-00517 |

## **COMPLAINT**

Pursuant to Rule 3 under the Rules of the Court of International Trade, Cummins Inc. and Cummins Turbo Technologies Limited (collectively, "Plaintiffs") by and through their undersigned counsel and in support of this Complaint against Defendants United States of America and U.S. Customs and Border Protection ("CBP" or collectively, "Defendants"), hereby state and allege as follows and seek a refund of excess duties paid:

### **JURISDICTION**

1. Plaintiffs bring the present civil action pursuant to 28 U.S.C. § 1581(a) to contest the denial of the following protest numbers (collectively, "Denied Protests") under section 515 of the Tariff Act of 1930:

>150120100335
>200619100915
>200620102766
>419720103225

2. This Court has "exclusive jurisdiction" over "any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930" pursuant

to 28 U.S.C. § 1581(a).

## PARTIES

3. Plaintiff, Cummins Inc., is a corporation organized under the law of the state of Indiana with its principal place of business at 500 Jackson St. MC 91661, Columbus, Indiana, 47201. Plaintiff, Cummins Turbo Technologies Limited, is a UK entity, with a principal place of business at 4500 Leeds Avenue, Charleston, South Carolina. Together, Plaintiffs served as the importer of record for the entries that are the subject of the Denied Protests.

4. Defendant United States of America received Plaintiffs' payments of the disputed amounts and is the statutory defendant under 28 U.S.C. §1581(a).

5. Defendant CBP is the agency of the Defendant United States tasked with the classification and collection of duties and tariffs of imported goods. Defendant CBP collected the disputed amounts at issue here on behalf of Defendant United States.

## STANDING

6. Plaintiffs have standing to bring this complaint pursuant to 28 U.S.C. § 2631(a) as "the person who filed the protest pursuant to section 514" of the Tariff Act of 1930.

## TIMELINESS OF ACTION

7. A timely summons was filed with this Court on September 15, 2021 pursuant to 19 C.F.R. § 174.31, *i.e.*, within 180 days of the first denied protest and within 180 days of all Denied Protests, as set forth in the summons.

8. All liquidated duties, taxes, and charges have been paid on the entries covered by the Denied Protests prior to commencement of this action.

**PROCEDURAL BACKGROUND**

9. The present action involves a dispute over the application of a 25 percent additional duty pursuant to the *Notice of Action and Request for Public Comment Concerning Proposed Determination of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation,* 83 FED. REG. 28710 (June 20, 2018) ("Section 301 Tariff") on imported "housings" or "covers" that are assembled into turbochargers. Such products were initially subject to the additional 25 percent Section 301 Tariff, but later subject to a granted exclusion that applied to Harmonized Tariff Schedule of the United States ("HTSUS") 8414.90.4165, pursuant to the *Notice of Product Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation,* 84 Fed. Reg. 11152 (March 25, 2019) ("Exclusion Notice"). The Exclusion Notice describes the covered merchandise as "Compressor housings designed for turbochargers (described in statistical reporting number 8414.90.4165)." *Id.* ("Compressor Housing Exclusion").

10. Exclusions are not importer specific and apply to all imports that meet the description in the Exclusion Notice. *See id.*

11. Cargo System Message Service ("CSMS") # 19-000244 (May 14, 2019) states that duty exclusions granted by the USTR are retroactive on imports to the initial effective date of July 6, 2018. Therefore, the entries at issue in the Denied Protests are covered by the Exclusion Notice.

12. As such, following the Exclusion Notice, Plaintiffs undertook an internal assessment to confirm the applicability of the Compressor Housing Exclusion to relevant imports of turbocharger parts. Based on this review, Plaintiffs filed post-entry submissions, including post-summary corrections or protests, depending on the status of the entry, in late 2019 and early 2020 to confirm the applicability of the Compressor Housing Exclusion and to seek refunds for Section

301 Tariffs paid on certain housing imports designed for turbochargers that satisfy the Compressor Housing Exclusion. From January 23, 2020 until June 5, 2020, CBP processed dozens of Plaintiffs' entries, affirming that the Compressor Housing Exclusion applied to the relevant housings. Then CBP changed course and denied Plaintiffs' use of the Compressor Housing Exclusion in June 2020. After receiving CBP's denial and while the protests at issue here were still pending, Plaintiffs prepared detailed supplements that described the imports, their function, and how the products are functionally equivalent to those subject to the granted Compressor Housing Exclusion. Notwithstanding the previous approvals, Plaintiffs received the Denied Protests that are the subject of this challenge. As demonstrated below, the binding exclusion language squarely applies to the merchandise at issue in Plaintiffs' Denied Protests.

13. Pursuant to 19 U.S.C § 1514(c)(3), Plaintiffs filed timely protests to confirm the applicability of the exclusion that was not available at the time of entry. Plaintiffs' protest numbers 150120100335 and 200620102766 were denied on March 16, 2021; protest number 200619100915 was denied on April 27, 2021; and protest number 419720103225 was denied on August 16, 2021.

14. Through this complaint, Plaintiffs seek the refund of the Section 301 Tariffs that were unlawfully assessed and paid by Plaintiffs through the Denied Protests. Plaintiffs further seek confirmation that the Compressor Housing Exclusion applies to its entries of the merchandise at the issue, as described below.

**MERCHANDISE AT ISSUE**

15. The products at issue in the Denied Protests are Plaintiffs' turbocharger housings ("Turbocharger Housings"). At **Exhibit 1**, Plaintiffs provide photographs of the Turbocharger Housings, side-by-side comparing Plaintiffs' "turbine housings" with their "compressor housings."

4

As shown, these are physically and functionally equivalent.  Plaintiffs' Turbocharger Housings consist of steel or aluminum castings shaped as hollow, circular tubes having a cavity in the center so as to allow for the placement of a wheel, and an opening extending tangentially from the circular shape. Plaintiffs' Turbocharger Housings function to direct incoming air or exhaust through a turbocharger.  Turbocharger Housings are structurally equivalent, whether described as a "compressor housing" or "turbine housing."  Either way, they are a "compressor housing designed for turbochargers," as expressly stated in the exclusion language.

16.     The relevant HTSUS subheading that applies to Turbocharger Housings is 8414.90.4165, which provides for "[a]ir or vacuum pumps, air or other gas compressors and fans; ventilating or recycling hoods incorporating a fan, whether or not fitted with filters; parts thereof; (con.) Parts: Other; Other compressor housing."

17.     Turbocharger Housings have been the subject of previous CBP rulings, including NY N308853, and NY N299843, which classified the housings as "compressor housings," consistent with Plaintiffs' claim here.  In other words, where these parts are designed specifically for - and can function only as - housings for turbochargers, they have been classified as "compressor housings."

## THE COMPRESSOR HOUSING EXCLUSION APPLIES TO PLAINTIFFS' IMPORTS

18.     Each of the Denied Protests involve Turbocharger Housings that fully meet the Compressor Housing Exclusion language.  The Turbocharger Housings in the photographs in **Exhibit 1** are structurally equivalent parts that are incorporated into turbochargers. Plaintiffs refer to the Turbocharger Housings as "turbine housings" in import documentation; however, whether they are referred to as "compressor" or "turbine" housings is of no significance for purposes of the Exclusion Notice binding language or the HTSUS classification.  Indeed, both serve the same

purpose and are described in the same way as the housing set forth in CBP ruling N299843 (Aug. 30, 2018). Therefore, Plaintiffs' "turbine housing" is considered a "compressor housing" for tariff purposes, pursuant to NY N308853, and NY N299843. Specifically, if a "turbine housing" is classifiable in 8414.90.4165 as a "compressor housing," then *it is* a compressor housing for tariff classification purposes. Accordingly, Plaintiffs' Turbocharger Housings fall with the exclusion description and 10-digit HTSUS 8414.90.41.65 and should not be subject the 25 percent duty.

19. Specific authorities support such a conclusion. For example, USTR crafted the Compressor Housing Exclusion language based on several requests filed by interested parties, including where the requestor used the same terminology as Plaintiffs in describing the exclusion as one for a "turbine housing." *See* **Exhibit 2** (Relevant Exclusion Request) and **Exhibit 3** (USTR Decision Memo.). The requestor of that exclusion sought an exclusion covering a "turbine housing for an industrial turbocharger," and believed the housing classifiable in 8414.90.41**90**. USTR granted this exclusion (issuing a notice to that effect to the requestor) by republishing the same "compressor housing" exclusion previously granted in Note 20(i)(8). *See Notice of Product Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 84 FED. REG. 49564 (Sept. 20, 2019). In other words, USTR recognized CBP's view as stated in NY 299843 that a turbine housing is a compressor housing for tariff purposes and subsequently granted an exclusion request for turbine housings by using the term compressor housing and the statistical reporting number for compressor housings, 8414.90.41**65**. USTR subsequently recorded the exclusion request for turbine housings as granted under 8414.90.4165 in their published Exclusion Requests Status Index. *See* **Exhibit 2** (Relevant Exclusion Request) and **Exhibit 3** (USTR Decision Memo.).

20. USTR instructed CBP to apply exclusions based on the 10-digit headings and

product descriptions in the Exclusion Notice.  Further, CBP has determined that Turbocharger Housings are classified within the 10-digit heading excluded in the Exclusion Notice.  To the extent the difference in terminology was deemed relevant in denying these protests, significant evidence confirms that "turbine housings" and "compressor housings" are no different with respect to Cummins turbochargers.  USTR itself has determined that "turbine housings" meet the corresponding product description provided in the Annex of the Exclusion Notice, and CBP has addressed these housings before and confirmed that "turbine housings" are the very same product covered by the Exclusion Notice.  In CBP ruling NY N299843 (Aug. 30, 2018), CBP considered "turbine housings" and described them as follows:

> [t]he *turbine housing*, which is referred to as an iron casting, is described as a structural element of a turbocharger. The housing is assembled to a compressor and a bearing and then mounted onto the engine of a truck. The iron casting is designed to speed up the outgoing gas exhausting received from the engine.

NY N299843 further confirmed that "turbine housings" are classified under HTS 8414.90.4165 as follows:

> The turbine housing is a part of a turbocharger. Turbochargers are classified as articles of heading 8414, which provides for air or vacuum pumps, air or other gas compressors and fans; ventilating or recycling hoods incorporating a fan, whether or not fitted with filters. See ruling HQ 955739, dated April 22, 1994. *As such, the applicable subheading for the turbine housing will be 8414.90.4165*, HTSUS, which provides for Air or other gas compressors and Fans: Table, floor, wall, window, ceiling or roof fans, with a self-contained electric motor of an output not exceeding 125W: For permanent installation: Parts of compressors: Other: Other: Other: Compressor housings.

21.    Plaintiffs submitted this evidence to CBP through its protests and supplemental filings to support the same.  Notwithstanding this evidence and Plaintiffs' detailed supplemental filings to confirm the applicability of the exclusion, CBP denied use of the Compressor Housing Exclusion in the Denied Protests.  Each denial indicated that the Compressor Housing Exclusion

is "applicable to compressor housings for turbochargers, but {the} product is a turbine housing for turbochargers." *See, e.g.,* Protest Denial 200619100915. This is factually incorrect, as Plaintiffs demonstrated.

22. CBP is bound by USTR's decision to exclude Turbocharger Housings from the Section 301 Tariffs, and Plaintiffs provided full and complete documentation to confirm that these imports functionally and structurally satisfy the binding language in the Exclusion Notice. CBP should have approved the relevant protests.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that this Court enter judgment in its favor and against the United States as follows:

(1) declare that the Turbocharger Housings are excluded from Section 301 Tariffs pursuant to the applicable exclusion notice, originally published at 84 FED. REG. 11152 (March 25, 2019);

(2) order Defendant CBP to cancel in full any and all respective Section 301 Tariffs previously assessed by Defendant CBP on the Turbocharger Housings and reliquidate the relevant line items of those entries pursuant to HTSUS 9903.88.06 or 9903.88.14;

(3) order the refund of all excess duties paid by Plaintiffs for the relevant entries with interest at the legal rate;

(4) award Plaintiffs their costs and reasonable attorney fees; and

(5) grant such other and further relief as may be just and proper.

Dated: September 15, 2021                    Respectfully submitted,

  /s/ *Christine M. Streatfeild*
Christine M. Streatfeild
Kevin M. O'Brien


BAKER MCKENZIE LLP
815 Connecticut Ave, NW
Washington, D.C. 20006
Tel: 202.835.6111

*Counsel to Cummins Inc. and Cummins Turbo Technologies Limited*

**CERTIFICATE OF SERVICE**

Pursuant to U.S. Court of International Trade Rule 4(b) and (h), I hereby certify that on September 15, 2021, copies of Plaintiffs' Summons and Complaint were served on the following parties by certified mail, return receipt requested:

| | |
|---|---|
| Attorney-In-Charge<br>International Trade Field Office<br>Commercial Litigation Branch<br>U.S. Department of Justice<br>26 Federal Plaza<br>New York, NY 10278 | Attorney-In-Charge<br>Commercial Litigation Branch<br>U.S. Department of Justice<br>1100 L Street, NW<br>Washington, DC 20530 |
| Chief Counsel Scott K. Falk<br>Office of Chief Counsel<br>U.S. Customs & Border Protection<br>1300 Pennsylvania Ave., NW<br>Washington, DC 20229 | |

                                              /s/ *Christine M. Streatfeild*
                                                Christine M. Streatfeild